## HOPKINS v. GRAND RAPIDS & INDIANA RAILROAD CO.

RAILROADS—CROSSING HIGHWAYS — RESTORING HIGHWAY — PERSONAL INJURIES—PLEADING — VARIANCE— IMMATERIAL ALLEGATIONS.

In an action against a railroad company for personal injuries caused by falling on a defective sidewalk crossing the right of way, the declaration alleged that defendant took up the plank sidewalk over its right of way and replaced the same with dirt, cinders, and gravel and left planks across at the rails which rose abruptly five inches above the level of the dirt, etc., over which plaintiff stumbled, etc.   *Held*, that the allegation that defendant took up the plank walk was immaterial, and that recovery might be had without showing who took it up.

Error to Osceola; Rose, J.   Submitted January 9, 1907.   (Docket No. 5.)   Decided March 5, 1907.

Case by Mae Hopkins against the Grand Rapids & Indiana Railroad Company for personal injuries.   There was judgment for defendant on a verdict directed by the court, and plaintiff brings error.   Reversed.

*Charles A. Withey*, for appellant.

*T. J. O'Brien*, *M. Brown*, and *James H. Campbell*, for appellee.

BLAIR, J. The declaration in this case, so far as necessary to be set forth, was as follows:

"And whereas, also, said defendant being so engaged in operating and in control of said railroad and said public street being so open and in use in said village of Tustin and crossing defendant's railroad and there having been for many years previous to the date stated above, a sidewalk maintained and in use on the north side of said street where it crossed defendant's said railroad and right of way, it then and there became and was the duty of said defendant to refrain from tearing up and removing said sidewalk and the planks and timbers of which it was composed and built, and if by permission of said village of Tustin or otherwise, it, the said defendant, removed said sidewalk or any portion of it, it then and there became its duty to keep the surface of the way in the place where said sidewalk had been, in a reasonably fit and safe condition for public travel, and to refrain from placing obstruction therein or thereon, both of which duties the said defendant then and there neglected, and some time, to wit, one week before the said 7th day of August, 1904, at the place aforesaid, the said defendant tore up and removed that portion of said sidewalk on the north side of said Main or Church street west from the most westerly rail of its said track across its said right of way, to wit, fifty feet west from said most westerly rail, caused and permitted said sidewalk and the planks and timbers whereof it had been theretofore built and maintained, to remain torn up and away from their places, and replaced same with dirt, cinders and gravel, or a combination of all or either of them for a portion of the way, and for a space of, to wit, two feet next to said most westerly rail of its said railroad where it crossed the north sidewalk on said Main or Church street, west from said westerly rail created an obstruction and a nuisance by placing one or more planks next its said rail and west therefrom across the place where said sidewalk had formerly been and should have been, which plank or planks at the west edge thereof were raised, to wit, five inches above the surface of the dirt or cinders which the defendant had there placed as aforesaid, leaving an obstruction across said walk with an abrupt or nearly perpendicular raise from the surface of the dirt upwards of, to wit, five inches, and caused and suffered the same to remain in that condition

for a long space of time, to wit, for one week or more
from the time it was placed there until the said 7th day
of August, 1904, and it then and there became the fur-
ther duty of said defendant after it had torn up said
walk or caused the same to be torn up, to replace the
same with a uniform surface and free from abrupt
depressions and unevenness and free from obstructions,
and to so conduct itself and its business generally, and
so rebuild and replace said sidewalk on the north
side of said Main or Church street, where it crossed de-
fendant's right of way that it would be reasonably safe
for travel both night and day, both in the dark and in the
light, which duty the said defendant also neglected, and
the said sidewalk at that point where it crossed said rail-
road, or a portion thereof, having been removed by the
said defendant prior to the said 7th day of August, 1904,
it then and there carelessly in rebuilding the same, tem-
porarily or otherwise, made and maintained from thence
until said 7th day of August, an obstruction across said
walk of planks or plank raised above the surface of the
same and left by said defendant with a sharp, abrupt or
perpendicular edge on the west side thereof to wit, five
inches high, at a point, to wit, fourteen inches west of de-
fendant's said railroad track, whereupon the said plaintiff
on the evening of the said 7th day of August, 1904, at the
place first aforesaid and after dark on said day, was
endeavoring to pass along said sidewalk on the north side
of said Main or Church street, where it crossed defend-
ant's right of way and railroad track proper, in the ordi-
nary and usual way and in the exercise of due care on her
part, it being dark at that time and place, and there being
no light to reveal the condition of things, she in so en-
deavoring to pass along said walk from the west, west-
ward, caught her toe or foot upon the aforesaid perpen-
dicular or abrupt edge or side of said planks or upon said
abrupt obstruction, and tripped or fell thereby, and was
thrown with great force and violence eastward upon said
walk and said railroad track."

The proofs on the part of plaintiff tended to sustain the
allegations of facts stated in the declaration except as to
the allegation that defendant tore up and removed the
sidewalk. As to the allegation last referred to, the proofs
failed to disclose who tore up the sidewalk. At the close
of plaintiff's proofs, the circuit judge, on defendant's

motion, directed a verdict in favor of defendant, on the ground that the proofs did not sustain the case made by the declaration. Defendant's counsel argue in support of the ruling of the circuit judge that:

"All allegations of duty and negligence of the defendant are predicated upon the allegation that the defendant removed the sidewalk on the north side of Church street in the village of Tustin, west of the west end of the ties in the most westerly railroad track.

"The plaintiff, if entitled to recover at all under the declaration in this case, can recover only upon proof of the fact that there was a sufficient sidewalk at the place named and that the defendant tore it up."

The essence of the case, as stated in the declaration, was that, after the sidewalk had been removed, the defendant—

"Replaced same with dirt, cinders, and gravel, or a combination of all or either of them for a portion of the way and for a space of, to wit, two feet next to said most westerly rail of its said railroad where it crossed the north sidewalk on said Main or Church street, west from said westerly rail created an obstruction and a nuisance by placing one or more planks next its said rail and west therefrom across the place where said sidewalk had formerly been and should have been, which plank or planks at the west edge thereof were raised, to wit, five inches above the surface of the dirt or cinders, which the defendant had there placed as aforesaid," etc.

It was immaterial who took up the walk. After the walk was taken up, the defendant, according to the declaration and the proofs, undertook to replace the sidewalk with dirt, gravel, cinders, and boards. Having assumed this responsibility, it was liable for its negligent discharge. The plaintiff made a case for the jury under the declaration, and the trial court erred in directing a verdict.

The judgment is reversed, and a new trial granted.

McAlvay, C. J., and Grant, Ostrander, and Hooker, JJ., concurred.